|  |  |
|---|---|
| Marcus Sharif McNeal,<br><br>    Petitioner<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Respondents | 2:16-cv-01618-JAD-GWF<br><br>**Order**<br><br>[ECF Nos. 18, 25, 27] |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Pro se petitioner Marcus McNeal moves for appointment of counsel to assist him with his petition for a writ of habeas corpus,[1] and he asks for more time to respond to the respondents' motion to dismiss.[2] Respondents have filed a motion for leave to file an exhibit under seal.[3] I now address all pending motions.

**Discussion**

**A.  Motion for appointment of counsel**

I first note that McNeal had until January 17, 2018, to file a reply to respondents' opposition to his motion for appointed counsel.[4] McNeal did not reply, so I consider the matter fully briefed. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[5] The decision to appoint counsel is generally discretionary.[6] But counsel must be

---

[1] ECF No. 18.

[2] ECF No. 27.

[3] ECF No. 25.

[4] ECF No. 20.

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

appointed to avoid denying due process if a case is so complex or the petitioner is so uneducated that he is incapable of fairly presenting his claims.[7]

The issues in this case are not so complex that they require appointment of counsel, and as this is a renewed motion for appointment of counsel, I have previously found that McNeal appears capable of adequately presenting his claims.[8] McNeal argues that he has "extremely limited access" to the prison law library and that the library has no books, only computers. He acknowledges, however, that there are six computers available for legal research. McNeal also argues that he needs an attorney to help him conduct discovery. But federal habeas review is generally limited to the record that was before the state court that adjudicated the claim on the merits.

McNeal has failed to show that he is incapable of representing himself, especially in light of the presentation of his claims in the petition and the motion practice throughout this case. I therefore find that the interests of justice do not require me to appoint counsel for McNeal, and I deny his motion.

**B.      Motion for an extension of time**

McNeal also requests 60 more days to respond to respondents' motion to dismiss.[9] This is McNeal's first request for an extension, and I find that it is made in good faith and not solely for the purpose of delay. So I grant the motion.

**C.      Motion for leave to file an exhibit under seal**

Respondents move for leave to file Mcneal's pre-sentence investigation report under seal.[10] Good cause appearing, the motion is granted, and exhibit 32 will be considered properly filed under seal. The report is a confidential document, and I find that a compelling need to

---

[7] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

[8] ECF No. 5.

[9] ECF No. 27.

[10] ECF No. 25.

2

protect sensitive information pertaining to the victim and McNeal outweighs the public interest in open access to court records.[11]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that McNeal's motion for appointment of counsel **[ECF No. 18] is DENIED**, and his motion for a time extension **[ECF No. 27] is GRANTED**.

IT IS FURTHER ORDERED that respondent's motion for leave to file an exhibit under seal **[ECF No. 25] is GRANTED**.

DATED: February 5, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] *Kamakama v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).