# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARCUS SHARIF MCNEAL,

    Petitioner

v.

BRIAN E. WILLIAMS, et al.,

    Respondents

Case No.: 2:16-cv-01618-JAD-GWF

**Order Denying Motion for Stay and Abeyance**

[ECF No. 28]

    Pro se petitioner and Nevada state prisoner Marcus Sharif McNeal brings this petition for writ of habeas corpus to challenge his 2013 state-court conviction for attempted murder and battery with a deadly weapon. He now moves for a stay and abeyance under *Rhines v. Weber* so that he can exhaust any unexhausted grounds.[1] Because he has not demonstrated good cause for such a stay, I deny the motion.

## Discussion

    McNeal commenced these federal habeas proceedings in July 2016 with the filing of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] This is his third request for a stay so he can exhaust his state court remedies.[3] I denied the last two requests on the grounds that his state-court proceedings had terminated.[4]

    A review of the state court records indicates that McNeal is currently pursuing further state habeas petitions or motions for collateral relief.[5] McNeal filed this latest motion to stay after receiving a motion to dismiss in which respondents argue that several of his claims are

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005). *See* Motion at ECF No. 28; opposition at ECF No. 30; and Reply at ECF No. 32.

[2] ECF No. 6.

[3] ECF Nos. 4, 8.

[4] ECF Nos. 5, 17.

[5] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=44736 (last visited Mar. 28, 2018); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45136 (last visited Mar. 28, 2018).

unexhausted. McNeal asks for this stay to exhaust his unexhausted claims and an allegedly newly discovered claim.

In *Rhines v. Weber*,[6] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in dilatory litigation tactics.[7] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[8] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[9] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[10] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[11]

McNeal offers two bases for "good cause," but neither is sufficient. He first asserts that the state courts misinterpreted his claims and that is why they are unexhausted. But McNeal's assertion the state courts misinterpreted his claims does not provide good cause. Either he fairly presented the claims (in which case they are exhausted regardless of what claims the state appellate courts addressed) or he did not (so he has failed to establish good cause for not fairly

---

[6] *Rhines v. Weber*, 544 U.S. 269 (2005).

[7] *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[8] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[9] *Id.*

[10] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[11] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

presenting the claims in either his fully concluded state habeas petitions). Whichever is the case, he cannot establish good cause on this basis.

His second argument for good cause is that he has newly discovered evidence that the State withheld *Brady* evidence and that trial counsel was ineffective.[12] That evidence, he contends, is that the victim in his state case had used a fraudulent name and the social security number of a deceased person—information McNeal did not learn until December 2017 when the state court ordered his prior postconviction counsel to turn over his case file to him.[13] McNeal asserts that this information was discovered by postconviction counsel's investigator, proving both that the State withheld the evidence and that trial counsel was ineffective for failing to exploit it.[14]

While the discovery of new evidence purportedly supporting a *Brady* claim and an ineffective assistance of counsel claim could constitute good cause for the failure to exhaust the claim in state court before filing a federal habeas petition, no such claim appears in the operative petition, and McNeal has not moved for leave to amend. It therefore does not constitute good cause in this case, particularly when McNeal has failed to establish cause as to his numerous other unexhausted claims.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a *Rhines* stay and abeyance **[ECF No. 28] is DENIED.**

The Clerk of Court is directed to **CORRECT** the docket to reflect that ECF No. 33, which has been docketed as a reply to the motion to stay, is in fact a response to the respondents' motion to dismiss [ECF No. 21].

. . .

---

[12] *See* ECF No. 32 at 2-3.

[13] *Id.*; *see also* ECF No. 33 at 37-38.

[14] *See* ECF No. 32 at 2-3.

IT IS FURTHER ORDERED that r**espondents have until April 13, 2018, to file any reply** to the petitioner's response [ECF No. 33] to their motion to dismiss.

Dated: March 30, 2018

_____
U.S. District Judge Jennifer A. Dorsey