# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Marcus Sharif McNeal,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

Case No.: 2:16-cv-01618-JAD-GWF

**Order Granting Motion to Strike and Granting in Part Motion to Dismiss**

[ECF Nos. 21, 37]

Pro se petitioner and Nevada state prisoner Marcus Sharif McNeal brings this petition for a writ of habeas corpus to challenge his 2013 state-court conviction for attempted murder and battery with a deadly weapon. Respondents move to dismiss the petition[1] and strike McNeal's sur-reply to the dismissal motion.[2] I find that several of McNeal's claims are unexhausted, in whole or in part, so I grant the motion to dismiss in part. I also find that McNeal's sur-reply is unauthorized and grant respondents' motion to strike it.

## Background

In March 2013, Edward Duncan was shot near of 21st Street and Sunrise in Las Vegas, Nevada.[3] A group of men, including McNeal, was standing in front of Duncan's apartment building dealing drugs.[4] Duncan told them to take "their business" elsewhere, so someone in the group shot him.[5] An anonymous note left at the scene led officers to believe that McNeal may have been the shooter.[6] The note itself wasn't introduced at trial, but Officer Colon testified that

---

[1] ECF No. 21.

[2] ECF No. 37.

[3] ECF No. 22-2.

[4] ECF No. 22-23 at 36–54.

[5] *Id.*

[6] ECF No. 22-27 at 32–39.

its contents led them to suspect McNeal.[7]  The State also discussed the note and its contents during its opening statement.[8]  Officer Eshker, who arrived at the scene to find Duncan lying on the ground, testified that Duncan first stated that he had been shot by a Hispanic man and a black man, but a few minutes later, he stated that it was a black man who shot him.[9]  Officer Milewski was directed to arrest McNeal and did so a week after the shooting.[10]

After judgment was entered on his eventual conviction, McNeal filed a direct appeal,[11] and the Nevada Supreme Court affirmed.[12]  McNeal then filed a pro se state post-conviction habeas petition, which was later supplemented by appointed counsel.[13]  The state district court denied relief, McNeal appealed, and the Nevada Court of Appeals affirmed.[14]  Around the time that McNeal filed this federal habeas petition, he also filed a second state habeas petition.[15]  The state district court denied the second petition as successive and untimely, McNeal appealed, and the Nevada Court of Appeals affirmed.[16]  McNeal then filed a third post-conviction habeas petition and a post-conviction motion, both of which are still pending on appeal following the state district court's denial.[17]

---

[7] *Id.*

[8] ECF No. 22-23 at 26.

[9] ECF No. 22-25 at 103–106.

[10] ECF No. 22-27 at 16–18.

[11] ECF Nos. 23-6, 23-15.

[12] ECF No. 23-18.

[13] ECF Nos. 23-20, 23-26.

[14] ECF Nos. 23-31, 24-8, 24-11.

[15] ECF No. 24-14.

[16] ECF Nos. 24-25, 24-27, 24-33.

[17] ECF Nos. 31-2, 31-14; http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45136 (last visited August 24, 2018); http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=44736 (last visited August 24, 2018).  Neither of McNeal's currently pending appeals involves any claim asserted in the instant federal petition and thus neither is relevant to determining whether McNeal has exhausted—or will soon exhaust—his claims in this case.

McNeal raises 24 grounds for relief in this federal habeas petition. Respondents argue that most of them are unexhausted, while others are non-cognizable, duplicative, or procedurally defaulted.[18] I find that many of McNeal's claims, in whole or in part, are unexhausted.

### Discussion

**A.  Duplicative claims**

Respondents move to dismiss several subparts of McNeal's claims as duplicative of other claims. Given the repetitive nature of the petition and the fact that many claims overlap (but none overlap completely), it is generally simpler to address each claim as is. I therefore decline to grant respondents' motion to dismiss specific parts of McNeal's claims as duplicative. However, where a claim is completely unexhausted except for a component that is duplicative of another surviving claim, the duplicative portion will not be considered to be a part of the unexhausted claim, and the claim will be deemed unexhausted in its entirety.

**B.  Non-cognizable claims**

Respondents argue that ground 17 and parts of grounds 15 and 18 are non-cognizable in habeas. Respondents contend that ground 15 is non-cognizable to the extent that it asserts a claim for ineffective assistance of post-conviction counsel. "[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim."[19] It doesn't appear that McNeal asserts an ineffective-assistance-of-post-conviction-counsel claim in ground 15—he attributes the failure to investigate "issues in habeas" to his trial counsel—but, to the extent that he does, it is non-cognizable and is dismissed.

Respondents also assert that ground 17 and part of ground 18 are non-cognizable because they allege violations of state law, which are not cognizable under federal habeas review. In

---

[18] Respondents supply their own numbering system for the subparts of McNeal's claims. I don't adopt this system, in part because it appears that respondents omitted some portions of McNeal's claims.

[19] *Martinez v. Shriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566, U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

particular, grounds 17 and 18 assert violations of NRS § 19.210, and ground 18 also asserts a violation of NRS § 171.102. Respondents are correct that, to the extent McNeal asserts standalone claims for state-law violations, those claims are not cognizable in this case.[20] But the alleged violations of state law may be relevant to McNeal's claims that the State's actions violated his due-process rights—that is, whether they "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[21] Accordingly, McNeal's allegations of these violations will not be dismissed to the extent that they support a federal due-process claim.

**C.      Unexhausted claims**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal court. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts through the highest level of review available.[22] In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.[23] So, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.[24] The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[25] Respondents argue that the majority of McNeal's claims are unexhausted in whole or in part.

---

[20] *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

[21] *Darden v. Wainwright*, 477 U.S. 168, 181–83 (1986).

[22] *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[23] *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).

[24] *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[25] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

### 1. Ground 2

In Ground 2, McNeal asserts that his due-process rights were violated because the State introduced unsigned, unauthenticated reports and affidavits into the court record.[26] McNeal primarily objects to the transcript of Duncan's interview with police, which, he argues, was not properly authenticated and was an inadmissible "narration of a past occurrence."[27] Because the interview was conducted a week after the shooting, McNeal also argues that Duncan had time to fabricate a story.[28] McNeal argues that the State never offered the original audio recording of the interview "for authenticity testing" and appears to argue that his counsel never challenged its authenticity or sought to compare it to the written transcript of the interview.[29] McNeal also objects to an unsigned photo-line-up affidavit and unsigned statement from Duncan.[30] Finally, McNeal asserts that the State improperly withheld Officer Eschker's report, which would have revealed that Duncan initially identified the shooter as a Hispanic male, thus preventing McNeal from effectively cross-examining Duncan at trial.[31]

McNeal never presented the state's highest courts with a general claim regarding "unsigned, unauthenticated reports, affidavits" and never objected specifically to the unsigned photo line-up affidavit or victim statement.[32] Nor has McNeal ever presented the state's highest court with claims that Duncan's interview was inadmissible because he had time to fabricate a

---

[26] ECF No. 6 at 7.

[27] *Id.*

[28] *Id.* at 7-8.

[29] *Id.* at 9.

[30] *Id.*

[31] *Id.* at 7.

[32] ECF Nos. 23-15, 24-8, 24-14. I look to McNeal's second state habeas petition to determine what claims were exhausted in the second state habeas proceedings, and not to the informal brief that he filed on appeal of the second state habeas petition. ECF No. 24-27. The informal brief is clearly directed at McNeal's cause-and-prejudice argument relative to the procedural bars applied in his case, but even if he attempted to raise substantive claims in the informal brief, they are not exhausted because Nevada courts may decline to consider claims raised for the first time on appeal and the Nevada Court of Appeals did not actually consider any substantive claims here. *See* ECF No. 24-33.

story or that his counsel improperly failed to subject the original audio recording to "authenticity testing." Those portions of ground 2 are therefore unexhausted. The remaining claims in ground 2—that the State improperly introduced an unauthenticated transcript of the victim's interview, that the interview was not admissible as a "narration of a past occurrence," that the State failed to present the audio recording for authenticity testing, and that the State's withholding of Officer Eschker's report prevented McNeal from effectively cross-examining Duncan—were exhausted in McNeal's second state habeas petition and may proceed.[33]

### 2. Ground 4

In ground 4, McNeal asserts that his due-process rights were violated because Officer Milewski arrested him without a warrant or probable cause and failed to file a probable-cause-arrest report.[34] McNeal also argues that Milewski's failure to follow the requirements for making an arrest made his seizure illegal.[35] And, McNeal urges, Milewski failed to Mirandize him before questioning.[36] None of these claims was presented to Nevada's highest court.[37] Ground 4 is therefore unexhausted in its entirety.

### 3. Ground 5

In ground 5, McNeal argues that his due-process rights were violated because the State refiled a motion that had been previously denied.[38] McNeal failed to present this claim to the state's highest court.[39] Ground 5 is therefore entirely unexhausted.

---

[33] ECF No. 24-14 at 8–10, 14–15. At least some of these claims are also raised in other grounds, including Ground 10.

[34] ECF No. 6 at 14.

[35] *Id.* at 14-15.

[36] *Id.*

[37] *See* ECF Nos. 23-15, 24-8, 24-14. McNeal raised a claim in his second state petition that the State's failure to turn over a probable cause arrest report was a violation of his due-process rights. But that claim is raised in ground 8 and is not clearly a part of ground 4. So I consider it within ground 8 exclusively and find that the second state habeas petition exhausted no part of ground 4.

[38] ECF No. 6 at 17.

[39] *See* ECF Nos. 23-15, 24-8, 24-14.

### 4. Ground 6

McNeal asserts in ground 6 that his rights to due process and effective assistance of counsel were violated because counsel failed to argue that some of the jurors had fallen asleep during trial, and the trial court refused to let McNeal raise the issue himself.[40] Neither of these claims was presented to Nevada's highest court.[41] Ground 6 is therefore entirely unexhausted.

### 5. Ground 7

In ground 7, McNeal asserts that trial counsel was ineffective for failing to: (1) call the witnesses who accused McNeal of the alleged crimes, including the author of the anonymous note and the officers who interviewed the eyewitnesses and the victim; (2) challenge the introduction of the note and other "ex-parte out of court statements, or affidavits . . . and unconfronted reports, statements"; and (3) investigate and discover the State's alleged *Brady*[42] violations.[43] McNeal asserts that the State violated *Brady* by withholding or failing to collect or preserve (1) the identity of the author of the anonymous note; (2) the identities of the eyewitnesses and the officers who interviewed them; (3) the identities of the officers who interviewed Duncan; (4) the reports of all officers who interviewed eyewitnesses or Duncan; and (5) certain blood evidence.[44] McNeal asserts that the State's reliance on and introduction of the anonymous note violated his due-process and confrontation rights because neither the author nor any of the officers who spoke with the author were called as witnesses at trial.[45]

Of these claims, McNeal has presented to the state's highest court the following claims: (1) trial counsel was ineffective for failing to investigate and locate the four people who were

---

[40] ECF No. 6 at 20.

[41] *See* ECF Nos. 23-15, 24-8, 24-14.

[42] *Brady v. Maryland*, 373 U.S. 83 (1963).

[43] ECF No. 6 at 23–25.

[44] *Id.*

[45] *Id.* at 23.

with McNeal at the time of the shooting;[46] (2) trial counsel was ineffective for failing to investigate the anonymous note and challenge its introduction;[47] (3) trial counsel failed to investigate the case before trial;[48] (4) the alleged *Brady* violations;[49] and (5) a confrontation-clause violation based on the use of the anonymous note.[50]  Because McNeal exhausted a general failure-to-investigate claim in his first post-conviction petition, his claims that counsel was ineffective for failing to investigate eyewitnesses and the officers are also exhausted.  But any claims that trial counsel was ineffective for failing to call witnesses or challenge the admissibility of "ex-parte out of court statements, or affidavits, or use of unconfronted reports" were never presented and are thus unexhausted.[51]  To that extent, ground 7 is unexhausted.

### 6.     *Ground 8*

In Ground 8, McNeal asserts that his Fourth Amendment and due-process rights were violated because he was arrested without probable cause and without a warrant.[52]  McNeal also asserts that his rights were violated because the officer who signed his arrest report was not the arresting officer and because the State either failed to turn over a probable-cause report or even

---

[46] This claim was raised in McNeal's first state habeas petition and appeal.  ECF Nos. 23-26, 24-8.

[47] *Id.*

[48] *Id.*

[49] These claims were exhausted in McNeal's second state habeas petition.  ECF No. 24-14.  Although respondents argue that McNeal never raised a claim that the prosecutor failed to provide information regarding the author of the anonymous letter, I am not persuaded.  McNeal essentially raised this claim in his second state habeas petition when he argued that the State failed to disclose the identity of the officers who spoke with the author of the note and failed to gather identifying information about the writer.  *Id.* at 13.  This is essentially the same claim he makes in ground 7, asserting that "The State agents . . . had the authorer [sic] of the anonymous note. . . . But failed to preserve the witness for trial, or get any info of allege anonymous person for trial."  ECF No. 6 at 25.

[50] This claim was exhausted in McNeal's first state habeas petition.  ECF No. 24-8 at 22.

[51] *See* ECF Nos. 23-15, 24-8, 24-14.

[52] ECF No. 6 at 28.

file one. [53]  And, McNeal urges, he was not Mirandized before he was questioned. [54]  Finally, McNeal argues that trial counsel was deficient for failing to investigate his false-arrest claims. [55]

As noted in ground 4, *supra*, McNeal's claims that he was arrested without probable cause, without a warrant, and without Miranda warnings before questioning are unexhausted. Nor has McNeal ever presented to the state's highest court a claim that his rights were violated because the officer who signed his arrest report was not the arresting officer or because trial counsel failed to investigate his false arrest claims. [56]  Ground 8 is therefore unexhausted to that extent.

McNeal has, however, exhausted a claim that the State withheld an arrest report detailing who gave Officer Milewski directions to arrest McNeal and that this failure deprived him of his right to confront his accusers and his right to due process. [57]  McNeal has also exhausted a claim that Milewski's failure to make an arrest report violated his due-process rights, including by violating NRS § 171-102. [58]  So, McNeal may proceed on these other portions of ground 8.

### 7.    *Ground 9*

In Ground 9, McNeal asserts that his rights to due process, a fair trial, and effective assistance of counsel were violated because the trial court refused to grant his pre-trial motion to dismiss his counsel for ineffectiveness. [59]  McNeal alleges that his trial counsel was ineffective for: (1) not consulting with him about a defense for trial; (2) failing to properly investigate issues

---

[53] *Id.* at 29.

[54] *Id.* at 28–29.

[55] *Id.* at 29–30.  While McNeal also asserts that he was prejudiced by trial counsel's cumulative errors of failing to investigate his case, he raises several other cumulative-error claims and this particular allegation is duplicative of the allegations made in those claims.  So, I don't consider it here.

[56]  *See* ECF Nos. 23-15, 24-8, 24-14.

[57] This claim was also exhausted in McNeal's second state habeas petition.  ECF No. 24-14 at 13–14.

[58] *Id.*

[59] ECF No. 6 at 32.

McNeal asked him to, including the fact that the discovery provided was incomplete and missing police reports, and locating eyewitnesses for trial; (3) failing to challenge by motion the anonymous hearsay note and redundant charges; (4) failing to properly cross examine witnesses during the preliminary hearing and trial; (5) failing to investigate all witnesses and all evidence; (6) going to trial with incomplete evidence; (7) not challenging the State's failure to turn over insufficient, unauthenticated reports; (8) failing to instruct the jury on a lesser-included offense; and (9) failing to raise issues of the admission of the anonymous letter.

McNeal never presented Nevada's highest court with a claim that the trial court violated his rights by denying his pre-trial motion to withdraw counsel.[60] The general claim asserted in ground 9 is therefore unexhausted. Of the ineffective-assistance claims raised in ground 9, the claims relating to counsel's failure to investigate and the claim that counsel failed to file a motion to exclude the anonymous note are exhausted. The remaining claims have never been raised before the state courts.[61] Ground 9 is therefore unexhausted to the extent it asserts that counsel was ineffective for: (1) not consulting with McNeal about a defense for trial; (2) failing to challenge by motion redundant charges; (3) failing to properly cross examine witnesses during the preliminary hearing and trial; (4) going to trial with incomplete evidence; (5) not challenging the State's failure to turn over insufficient, unauthenticated reports; and (6) failing to instruct the jury on a lesser included offense.

### 8. Ground 10

In ground 10, McNeal asserts a violations of due process and *Brady*.[62] McNeal argues that the State withheld exculpatory material evidence, including: (1) all exhibits the State introduced at trial that were not in discovery; (2) Officer Eschker's report; (3) reports of other officers who interviewed witnesses and statements of those witnesses; (4) the original anonymous letter; (5) original audio recordings of the victim's interview at the hospital; (6)

---

[60] *See* ECF Nos. 23-15, 24-8, 24-14.

[61] *See id.*

[62] ECF No. 6 at 36.

medical reports; (7) "parts of discovery from defense"; (8) police reports from the officers who met with the victim at the hospital; (9) names and identification information of eyewitnesses and the officers who interviewed them; and (10) uncollected blood evidence.[63]  McNeal also asserts that trial counsel was ineffective for failing to raise the alleged *Brady* violations and to object to all undisclosed evidence that the State introduced at trial.[64]

Respondents argue that while the *Brady* component of this claim is exhausted, the ineffective-assistance-of-counsel claim is not.  Respondents are correct that McNeal never presented Nevada's highest court with a claim that trial counsel was ineffective for failing to raise *Brady* objections to evidence presented by the State at trial.[65]  That portion of ground 10 is therefore unexhausted.

### 9. *Ground 11*

In ground 11, McNeal asserts that his rights to a fair trial by an impartial jury and effective assistance of counsel were violated because African-Americans were underrepresented on his panel, the State improperly struck the only two African-American jurors, and trial counsel was ineffective for not timely objecting to the exclusion of the jurors.[66]

McNeal exhausted the ineffective-assistance-of-counsel aspect of this claim, but he did not present the underlying substantive claim to the state courts.[67]  Accordingly, ground 11 is unexhausted to the extent it asserts that McNeal's rights to due process and a fair trial were violated because African-Americans were underrepresented on his panel and the State struck the only two African-American jurors.

---

[63] *Id.* at 36–37.

[64] *Id.* at 38.

[65] Although McNeal made this argument in his informal brief on appeal of the second state habeas petition, *see* ECF No. 24-27 at 6, this did not exhaust the claim.  *See supra* note 32.

[66] ECF No. 6 at 40.

[67] *See* ECF Nos. 23-15, 24-8, 24-14.

### 10.  Ground 12

In ground 12, McNeal asserts that his Fifth, Sixth, and Fourteenth Amendment rights were violated based on trial counsel's cumulative errors before and during trial.[68]  McNeal asserts that counsel: (1) failed to investigate any evidence; (2) failed to investigate or challenge the anonymous note; (3) failed to challenge the legality of McNeal's arrest; (4) failed to investigate the authenticity of the transcript of the victim's interview; (5) failed to investigate an unsigned photo line-up identification; (6) failed to investigate the authenticity of withheld audio recordings and compare them to the transcripts; (7) failed to get full discovery before going to trial; (8) failed to seek a plea deal on McNeal's behalf; (9) failed to properly cross examine witnesses; (10) failed to call witnesses for McNeal's defense; (11) failed to timely raise an issue involving sleeping jurors; and (12) appeared to be agreeing with the State during trial because he nodded while the State accused McNeal.[69]

Of the individual ineffective-assistance-of-counsel claims raised in ground 12, only the claims that counsel failed to investigate and failed to challenge the anonymous note are exhausted.[70]  The remaining individual claims were never raised before Nevada's highest courts.[71]  Ground 12 is therefore unexhausted to the extent that it asserts that trial counsel: (1) failed to challenge the legality of McNeal's arrest; (2) failed to get full discovery before going to trial; (3) failed to seek a plea deal on McNeal's behalf; (4) failed to properly cross examine witnesses; (5) failed to call witnesses for McNeal's defense; (6) failed to timely raise the issue about sleeping jurors; and (7) appeared to be agreeing with the State during trial because he nodded while the State accused McNeal.

---

[68] ECF No. 6 at 43.

[69] *Id.* at 43–45.

[70] ECF No. 24-8 at 14–16.

[71] ECF Nos. 23-15, 24-8, 24-14.

### 11. Ground 13

In ground 13, McNeal asserts that his right to effective assistance of counsel was violated because trial counsel failed to investigate the unauthenticated transcripts of the interview with the victim and because the State withheld the audio recording.[72] McNeal also asserts that counsel failed to contest an unsigned photo line-up affidavit and to present a cognizable defense.[73] Finally, McNeal asserts that counsel was ineffective for failing to investigate the officers in order to locate the eyewitnesses.[74]

Ground 13 is exhausted to the extent it asserts that the State withheld the original audio recording of the victim's interview while in the hospital and trial counsel was ineffective for failing to investigate.[75] But the claims that counsel failed to contest an unsigned photo line-up affidavit and to present a cognizable defense are unexhausted because McNeal never presented them to Nevada's highest court.[76]

### 12. Ground 14

In ground 14, McNeal asserts that his rights to due process and a fair trial were violated when the State used the words "they" and "them" at trial, suggesting that petitioner was involved in selling drugs.[77] On direct appeal, McNeal argued that the trial court erred in denying his motion for mistrial where the prosecutor questioned Duncan using the words "they" and "them," which elicited a response that suggested McNeal was engaged in selling drugs with the group of men he was with.[78] Before the trial court in moving for a mistrial, McNeal's counsel argued that

---

[72] ECF No. 6 at 47.

[73] *Id.* at 47–48.

[74] *Id.* at 49.

[75] ECF Nos. 24-8 at 14–16; 24-14 at 14.

[76] ECF Nos. 23-15, 24-8, 24-14.

[77] ECF No. 6 at 51.

[78] ECF No. 23-15 at 9–13.

the State's questions and Duncan's responses caused McNeal prejudice.[79]  In essence, McNeal presented the state courts with a claim that the prosecutor's questioning violated his right to a fair trial.  Ground 14 is therefore exhausted and may proceed.

### 13.    *Ground 15*

In ground 15, McNeal asserts that his Fifth, Sixth and Fourteenth Amendment rights, including to effective assistance of counsel, were violated because trial counsel failed "to investigate issues in habeas," failed to investigate the uncalled eyewitnesses, and failed to investigate for a trial defense.[80]  McNeal further asserts that counsel was ineffective for failing to move the trial court for full discovery.[81]  Ground 15 also includes a claim that McNeal's convictions violate double jeopardy and that counsel was ineffective for failing to raise the issue.[82]  Finally, ground 15 includes a reference to "equal protection" but contains no facts in support of any such claim.[83]

Ground 15 is exhausted to the extent that McNeal alleges that trial counsel failed to investigate, as that claim was raised in his first post-conviction appeal.[84]  But McNeal never presented Nevada's highest court with any of the other allegations in ground 15.[85]  Ground 15 is unexhausted to the extent it alleges: (1) trial counsel was ineffective for failing to move the trial court for full discovery; (2) McNeal's convictions violate double jeopardy and counsel was ineffective for failing to raise the issue; and (3) any "equal protection" violation.

---

[79] ECF No. 22-23 at 80–85.

[80] ECF No. 6 at 53.

[81] *Id.*

[82] *Id.* at 53–54.

[83] *Id.* at 55.

[84] ECF No. 24-8 at 14–16.

[85] ECF Nos. 23-15, 24-8, 24-14.  Although McNeal argued in his informal brief on appeal of his second petition that counsel was ineffective for going to trial without full discovery, the informal briefing did not exhaust the claim.  *See supra* note 32.

### 14. Ground 16

In ground 16, McNeal asserts that his right to due process was violated because the victim committed perjury at trial.[86]  McNeal never raised this claim before the state courts.[87] Ground 16 is therefore unexhausted.

### 15. Ground 17

In Ground 17, McNeal asserts that his rights to due process were violated when the State examined Officer Eschker on a report it knew he did not author and attempted to suborn perjury from Eschker.  McNeal further asserts that the State failed to call the actual author of the report, thereby violating his Confrontation Clause rights.[88]  In addition, McNeal argues, the State's failure to corroborate Eschker's testimony with Detective Colon's report caused the State to introduce perjured testimony.[89]  McNeal never presented the state's highest court with any part of Ground 17.[90]  Accordingly, Ground 17 is unexhausted in its entirety.

### 16. Ground 18

In ground 18, McNeal asserts that his due-process and confrontation rights were violated because Officer Milewski lied at trial when he said that another officer told him to arrest McNeal.[91]  McNeal never raised before Nevada's highest court the claim that Milewski committed perjury.[92]  Ground 18 is therefore unexhausted to that extent.  Ground 18 is also unexhausted to the extent that it asserts that McNeal's rights were violated because Milewski didn't have probable cause or an arrest warrant.  McNeal's claim that his due-process and

---

[86] ECF No. 6 at 57.  While ground 16 also contains a claim that the State acted in bad faith by not gathering the identities of eyewitnesses who saw the attack, that claim is duplicative of claims in several other grounds and is not considered here.

[87] ECF Nos. 23-15, 24-8, 24-14.

[88] ECF No. 6 at 61.

[89] *Id.* at 62.

[90] ECF Nos. 23-15, 24-8, 24-14.

[91] ECF No. 6 at 64.

[92] ECF Nos. 23-15, 24-8, 24-14.

confrontation rights were violated because the State failed to turn over any arrest report from Milewski or to identify who told Milewski to arrest McNeal, however, is exhausted because it was asserted in his second state habeas petition.[93]

### 17.    *Ground 19*

McNeal alleges in ground 19 that the State violated his due-process rights because Detective Colon testified about hearsay and falsely stated in his reports and at trial that he was the arresting officer when he wasn't.[94]  McNeal also alleges that Colon falsely stated that Officer Eschker told him that a black male shot the victim, which is contradicted by Eschker's report indicating that a Hispanic male shot the victim.[95]

McNeal didn't present any part of ground 19 to Nevada's highest court.  Although he did assert a related claim that the State withheld Eschker's report indicating that a Hispanic male had shot the victim,[96] this is not the same as a claim that Colon committed perjury and testified about hearsay at trial.  Accordingly, ground 19 is entirely unexhausted.

### 18.    *Ground 21*

In ground 21, McNeal asserts that counsel rendered ineffective assistance for failing to seek a plea deal on his behalf.  This claim was never raised to Nevada's highest court.[97]  It is thus unexhausted.

### 19.    *Ground 22*

In ground 22, McNeal asserts that his due-process rights were violated because: (1) there was insufficient evidence to support his convictions; (2) the trial court erred in refusing to instruct the jury that it was the State's burden to prove lack of self-defense or defense of others beyond a reasonable doubt; and (3) there was no evidence that McNeal intended to murder the

---

[93] ECF No. 24-14 at 13–14.

[94] ECF No. 6 at 67.

[95] *Id.* at 68.

[96] ECF Nos. 23-15, 24-8, 24-14.

[97] *Id.*

victim because the victim said it was an accident.[98]  None of these claims were ever raised before Nevada's highest courts,[99] so ground 22 is entirely unexhausted.

### 20.      Ground 23

In ground 23, McNeal asserts that his due-process rights were violated because the State failed to meet its burden at the preliminary hearing to show he was guilty of possessing a firearm as an ex-felon.[100]  McNeal further asserts that his rights were violated by the cumulative errors of the State.[101]  Respondents argue that this claim is unexhausted to the extent it asserts cumulative error of the prosecutor.  The cumulative-error aspect of this claim will proceed to the extent that there are multiple procedurally viable claims of State error.[102]

### 21.      Ground 24

In ground 24, McNeal asserts that his due-process rights were violated when the State relied on unauthenticated, inadmissible hearsay.[103]  McNeal also asserts another cumulative-error claim.  Respondents contend that the cumulative-error claim is unexhausted.  Again, the cumulative error aspect of this claim will proceed to the extent that there are multiple procedurally viable claims of State error.[104]

### D.      Procedurally defaulted claims

Respondents contend that ground 3 and part of ground 10, to the extent they both raise *Brady* claims, are procedurally defaulted because they were presented to the state courts for the first time in McNeal's second state habeas petition, which was dismissed as procedurally barred. A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of

---

[98] ECF No. 6 at 77–78.  McNeal also reasserts his redundant-conviction arguments, but because that claim is the subject of another ground for relief, it will not be considered here.

[99] ECF Nos. 23-15, 24-8, 24-14.

[100] ECF No. 6 at 81.

[101] *Id.* at 82.

[102] Respondents do not argue that any other part of ground 23 is unexhausted.

[103] ECF No. 6 at 84.

[104] Respondents do not argue that any other part of ground 24 is unexhausted.

'independent and adequate state procedural grounds.'"[105]  In *Coleman v. Thompson*, the Supreme
Court held that a state prisoner who fails to comply with the state's procedural requirements in
presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the
adequate-and-independent-state-ground doctrine.[106]  A state procedural bar is "adequate" if it is
"clear, consistently applied, and well-established at the time of the petitioner's purported
default."[107]  A state procedural bar is "independent" if the state court "explicitly invokes the
procedural rule as a separate basis for its decision."[108]  A state court's decision is not
"independent" if the application of the state's default rule depends on the consideration of federal
law.[109]

Where such a procedural default constitutes an adequate and independent state ground for
denial of habeas corpus, the default may be excused only if "a constitutional violation has
probably resulted in the conviction of one who is actually innocent" or if the prisoner
demonstrates cause for the default and prejudice resulting from it.[110]

The Nevada Court of Appeals affirmed the dismissal of the second habeas petition as
untimely under NRS § 34.726 and successive under NRS § 34.810(2).[111]  The Ninth Circuit has
held that application of the timeliness rule in § 34.726(1) is an independent and adequate state
law ground for procedural default.[112]  The Ninth Circuit also has held that, at least in non-capital

---

[105] *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

[106] *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

[107] *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

[108] *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).

[109] *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

[110] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[111] ECF No. 24-33.

[112] *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002).

cases, NRS § 34.810 is an independent and adequate state ground for procedural default.[113]  The Nevada Court of Appeals' decision did not depend on the application of federal law to decide that the petition was procedurally barred; it relied on independent and adequate state law grounds in affirming the dismissal of petitioner's second state habeas petition as untimely and successive. McNeal must therefore establish either cause and prejudice or a fundamental miscarriage of justice for the default of the *Brady* claims raised in ground 3 and 10.  McNeal argues both that he is actually innocent—a fundamental miscarriage of justice—and that he has cause for the procedural default of these claims.

Demonstrating actual innocence is a narrow "gateway" by which a petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally barred.[114]  "[A]ctual innocence" means actual factual innocence, not mere legal insufficiency.[115]  "To be credible, [an actual-innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[116]  This narrow standard is satisfied only if the new, reliable evidence, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[117]  "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[118]

---

[113] *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

[114] *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[115] *See, e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

[116] *Schlup*, 513 U.S. at 324.

[117] *Id.* at 329.

[118] *McQuiggen*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

19

McNeal's assertion of actual innocence rests on an argument that the charging document in his case was defective because it cited no statutes under which attempted murder may be considered a criminal offense. This claim goes to the legal sufficiency of his conviction, not to his actual, factual innocence. Plus, it's meritless. The information charged McNeal with attempted murder with use of a deadly weapon under NRS §§ 200.010, 200.030, 193.330 and 193.165. Section 200.010 defines the crime of murder, § 200.030 sets out the degrees of murder and criminalizes each, and § 193.330 criminalizes any attempt to commit a crime. The information thus sufficiently apprised McNeal of the crime with which he was charged, and the Nevada Revised Statutes clearly criminalize attempted murder. McNeal's claim of actual innocence therefore lacks merit.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[119] For cause to exist, the external impediment must have prevented the petitioner from raising the claim.[120] With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."[121]

It appears that McNeal asserts two grounds for cause. First, he claims that trial counsel was ineffective for failing to raise his *Brady* claims. In order for ineffective assistance of counsel to supply cause for a procedural default, the ineffective-assistance-of-counsel claim must itself be exhausted. McNeal has exhausted several ineffective-assistance-of-counsel claims, but he has not exhausted any claim that trial counsel was ineffective for failing to raise alleged *Brady* violations. In order for trial counsel's alleged ineffective assistance to provide cause, McNeal must exhaust the ineffective assistance of counsel claims in state court in the first instance.

---

[119] *Murray*, 477 U.S. at 488.

[120] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[121] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Second, McNeal asserts that the *Brady* violations themselves are a basis for cause. A State's suppression of evidence can supply cause for a procedural default; but the petitioner must show that the suppression was the reason he was unable to comply with the state's procedural rules.[122] It is unclear when McNeal learned of or first suspected a basis for his *Brady* claims, and whether *Brady* claims themselves are sufficient to establish cause is a question that is intertwined with the merits of the petition. Finally, a review of the Eighth Judicial District Court's docket suggests that McNeal is still actively attempting to secure allegedly withheld materials.[123] What McNeal eventually obtains, if anything, could better inform my decision as to whether he has cause for the procedural default. So, I defer my ruling on respondents' motion to dismiss on the basis of procedural default until the time of the merits determination. Respondents may reassert this defense in their answer to the petition.

**E.    Options on a Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state-court remedies for all claims in the petition.[124] A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal.[125] Because McNeal's petition is mixed, he has three options:

1.    File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2.    File a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or

3.    File a motion for other appropriate relief.

---

[122] *Henry v. Ryan*, 720 F.3d 1073, 1083 (9th Cir. 2013).

[123] *See* https://www.clarkcountycourts.us/portal (last accessed August 24, 2018).

[124] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[125] *Id.*

**F.     Other matters**

McNeal filed a sur-reply to the respondents' reply, which respondents have moved to strike.[126]  Under Local Rule 7-2(b), sur-replies are not permitted without leave of court.  I have not granted McNeal leave to file a sur-reply, nor has he made such a request.  The sur-reply does not add anything that could not have been raised in McNeal's previous two filings and does not address any arguments asserted by respondents for the first time in their reply.  So, I grant respondents' motion to strike the sur-reply.

To the extent McNeal requests an evidentiary hearing, this request is denied.  An evidentiary hearing is unnecessary to resolve the motion to dismiss, and there is no other basis for an evidentiary hearing at this stage of the proceedings.

Finally, McNeal's renewed request to stay and abey is also denied.  McNeal has had several opportunities to present all his claims to the state courts and has failed to do so.  As discussed in my prior orders, the new evidence McNeal relies on does not pertain to any specific claim in his petition.  McNeal has not otherwise shown that he could not have raised his unexhausted claims before this point in time and therefore has failed to establish good cause.  Accordingly, there is no basis to stay this action and hold McNeal's claims in abeyance.[127]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion to strike **[ECF No. 37] is GRANTED**.  The **Clerk of Court** is directed to **STRIKE** McNeal's unauthorized sur-reply **[ECF No. 36]** from the docket.

IT IS FURTHER ORDERED that McNeal's requests for an evidentiary hearing and for a stay and abeyance are DENIED.

IT IS FURTHER ORDERED that respondents' motion to dismiss **[ECF No. 21] is GRANTED in part and DENIED in part**:

---

[126] ECF Nos. 35 & 36.

[127] *See Rhines v. Weber*, 544 U.S. 269 (2005),

- Grounds 17 and 18 are DISMISSED in part to the extent that they assert standalone claims of state-law violations;

- Respondents' motion to dismiss certain claims as duplicative is DENIED;

- The following claims are **unexhausted** in whole or in part, as described in this order: (1) ground 2, in part; (2) ground 4; (3) ground 5; (4) ground 6; (5) ground 7, in part; (6) ground 8, in part; (7) ground 9, in part; (8) ground 10, in part; (9) ground 11, in part; (10) ground 12, in part; (11) ground 13, in part; (12) ground 15, in part; (13) ground 16; (14) ground 17; (15) ground 18, in part; (16) ground 19; (17) ground 21; and (18) ground 22.

- Respondents' motion to dismiss ground 3 and part of ground 10 as procedurally defaulted is DENIED without prejudice to their ability to renew the corresponding arguments in their answer.

IT IS FURTHER ORDERED that **McNeal has until September 27, 2018, to file either: (1) a motion to dismiss seeking partial dismissal of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; or (3) a motion for other appropriate relief.** If McNeal does none of these things by this court-ordered deadline, his **entire petition will be dismissed** without prejudice for lack of complete exhaustion.

Dated: August 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey