# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS SHARIF MCNEAL,<br><br>Petitioner<br><br>v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>Respondents | Case No.: 2:16-cv-01618-JAD-GWF<br><br>**Order on Motion to Amend and/or<br>Supplement the Petition**<br><br>[ECF Nos. 39 & 44] |

Petitioner Marcus Sharif McNeal seeks leave to amend his petition for writ of habeas corpus.[1] McNeal suggests that he does not want the proposed "amended petition" to replace his original petition but only to add claims to it. Respondents oppose the motion. They note the legal distinction between filing an amended petition and a supplemental petition under Federal Rules of Civil Procedure 15(a) and 15(d), and they argue that because the claims McNeal seeks to add did not occur after the filing of the petition, his request is governed by the standard for a motion to amend, not the standard for supplementing a petition.[2] Respondents are correct, so I construe McNeal's request as a motion to amend.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5)

---

[1] ECF Nos. 39 & 44.

[2] To the extent McNeal seeks to file a supplemental petition under Rule 15(d), the motion is denied.

1

whether plaintiff has previously amended his complaint."[3] Whether a claim is exhausted is a relevant consideration in determining whether amendment would be futile.[4]

Respondents' argument focuses in part on the claims that petitioner identified in his "motion to amend,"[5] and they argue that allowing McNeal to add those claims would be futile because they are unexhausted. However, because none of those claims were included in any proposed amended or supplemental pleading, I do not consider them properly part of McNeal's motion to amend. Rather, I consider only the claims in the proposed supplemental filing (ECF No. 42). On that basis, the motion to amend will be denied.

Nearly all the claims in the proposed supplement are already part of the petition in this matter, and therefore amendment as to those claims would be futile. As to those few claims that are not, McNeal has unduly delayed in seeking leave to amend by waiting more than two years after initiating this habeas action. Not only that, I previously gave McNeal leave to amend his petition more than a year ago in November 2017, and he failed to do so. McNeal therefore squandered a prior opportunity to amend his petition, which weighs against allowing him to amend now. While there is no indication of bad faith or prejudice to the respondents, the other factors weighing against amendment outweigh these factors. The motion to amend will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that McNeal's motion for leave to amend and/or supplement his petition **[ECF Nos. 39 & 44] is DENIED**. Respondents have until March 12, 2019, to file an answer to the remaining claims in the petition. McNeal will have 30 days from service of the answer to file any reply.

Dated: January 11, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

[4] *See Caswell v. Calderon*, 363 F.3d 832, 837-38 (9th Cir. 2004).

[5] ECF No. 39.