# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARCUS SHARIF MCNEAL,

Petitioner

v.

BRIAN E. WILLIAMS, et al.,

Respondents

Case No. 2:16-cv-01618-JAD-EJY

**Order Granting Motion to Appoint Counsel and Motions to Amend Petition**

[ECF Nos. 55, 56, 57]

*Pro se* petitioner and Nevada state prisoner Marcus Sharif McNeal brings this petition for writ of habeas corpus[1] under 28 U.S.C. § 2254 to challenge his 2013 conviction for attempted murder, battery with a deadly weapon, and firearm violations. McNeal moves for appointment of counsel and to amend his petition.[2] Because I find that the procedural history of McNeal's multiple habeas cases and appeals is complex, I grant the motions for appointment of counsel and to amend the petition.

## Background

McNeal initiated this habeas proceeding in July 2016 by filing a *pro se* habeas petition (the "2016 petition" or "2016 case").[3] He challenges a 2013 conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada, after a trial in which the jury found McNeal guilty of four counts: battery with use of a deadly weapon resulting in substantial bodily

---

[1] ECF No. 6.

[2] ECF Nos. 55–57. Respondents did not oppose these motions, and the deadline to do so expired without a request to extend it.

[3] ECF No. 1.

harm (Count 1); attempt murder with use of a deadly weapon (Count 2); carrying concealed firearm or other deadly weapon (Count 3); and possession of firearm by ex-felon (Count 5).[4] McNeal was sentenced as follows: Count 1, 48–150 months; Count 2, 60–180 months to run concurrent to Count 1, plus a consecutive term of 60–180 months for use of a deadly weapon; Count 3, 12–36 months to run concurrent to Count 2; and Count 5, 24–60 months to run consecutive to Count 3.[5]

In March 2017, I denied McNeal's first motion for appointment of counsel, finding that the 2016 petition presented the issues that McNeal wishes to bring sufficiently clearly, and that his issues are not particularly complex.[6] Months later, McNeal filed a second motion for appointment of counsel.[7] I denied that motion, too, finding that "McNeal failed to show that he is incapable of representing himself, especially in light of the presentation of his claims in the petition and the motion practice throughout this case."[8]

The respondents then moved to dismiss the 2016 petition, arguing that most of McNeal's 24 grounds for relief were unexhausted, while others were non-cognizable, duplicative, or procedurally defaulted.[9] I determined that many of McNeal's claims, in whole or in part, were unexhausted.[10] McNeal sought permission to dismiss his unexhausted claims and proceed on his

---

[4] ECF Nos. 22-31, 22-32, 23-3.
[5] ECF No. 23-3.
[6] ECF No. 5.
[7] ECF No. 18.
[8] ECF No. 29.
[9] ECF No. 21.
[10] ECF No. 38 (holding that the following claims are unexhausted in whole or in part: (1) ground 2, in part; (2) ground 4; (3) ground 5; (4) ground 6; (5) ground 7, in part; (6) ground 8, in part; (7) ground 9, in part; (8) ground 10, in part; (9) ground 11, in part; (10) ground 12, in part; (11)

2

exhausted claims, which I granted.[11] After full briefing, I denied his later request to supplement his claims and ordered the respondents to answer the petition.[12] The respondents filed their answer,[13] and McNeal filed his reply.[14]

In addition to the 2016 petition, McNeal has filed three other federal habeas petitions in this district regarding the same conviction. In October 2017, McNeal filed a second habeas petition, which was dismissed as duplicative of the 2016 petition.[15] He did not appeal that dismissal. In January and April 2019, McNeal filed his third and fourth habeas petitions (the "2019 petitions" or "2019 cases"), which were also dismissed as duplicative of the 2016 petition.[16] McNeal appealed. Because the 2019 petitions each included a claim that was not raised in the 2016 petition, the Court of Appeals for the Ninth Circuit found that the 2019 petitions should have been treated as motions to amend the 2016 petition.[17] The Ninth Circuit vacated the dismissals and remanded the 2019 cases with instructions for this Court to transfer the 2019 petitions to this 2016 case and consider them as motions to amend with the benefit of their original filing dates. Upon remand, McNeal renewed his motion for appointment of counsel.[18]

---

ground 13, in part; (12) ground 15, in part; (13) ground 16; (14) ground 17; (15) ground 18, in part; (16) ground 19; (17) ground 21; and (18) ground 22).

[11] ECF No. 45.
[12] ECF No. 47.
[13] ECF No. 49.
[14] ECF No. 52.
[15] 2:17-cv-2589-RFB-CWH.
[16] 2:19-cv-0151-RFB-GWF; 2:19-cv-0679-JAD-VCF.
[17] *See* ECF No. 58.
[18] ECF No. 55.

**Discussion**

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.[19] However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief.[20] The court has discretion to appoint counsel when the interests of justice so require.[21] The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process."[22] In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court.[23]

This once simple habeas matter has become increasingly complex. Since initiating this case, (1) McNeal has filed three additional habeas petitions, (2) I found that numerous claims for relief were unexhausted in whole or in part and dismissed those claims on McNeal's request, (3) the parties completed briefing on the 2016 petition, and (4) the Ninth Circuit has now instructed me to consider McNeal's 2019 petitions as motions to amend. The procedural history of McNeal's petitions for post-conviction relief in Nevada's state and appellate courts is also complex. Judicially noticeable facts indicate that McNeal has filed four state habeas petitions and one is still pending on appeal, although briefing is complete.[24] Under these circumstances, I find that appointment of counsel is in the interests of justice.

---

[19] *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[20] 18 U.S.C. § 3006A(a)(2)(B).

[21] *Id.*

[22] *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[23] *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)).

[24] I take judicial notice of the online docket records of the state court and appellate courts, which may be accessed by the public online at:

Turning to McNeal's motions to amend his petition, I find that he should be given leave to amend consistent with this Court's common practice upon the appointment of counsel in habeas matters. Once counsel is confirmed, I will set a deadline for counsel to file an amended petition.

**Conclusion**

IT IS THEREFORE ORDERED that:

1. Petitioner Marcus Sharif McNeal's Motion for Appointment of Counsel **[ECF No. 55] is GRANTED.**

2. McNeal's Motions to Amend **[ECF Nos. 56–57] are GRANTED as described herein**.

3. The Federal Public Defender is provisionally appointed as counsel and will have **30 days** to undertake direct representation of McNeal or to indicate the office's inability to represent McNeal in these proceedings. If the Federal Public Defender is unable to represent McNeal, I will appoint alternate counsel. The counsel appointed will represent McNeal in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. McNeal at all times

---

https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do (last visited Jan. 6, 2020).

remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.[25]

**The Clerk of Court is directed** to (1) SEND a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division **and (2) provide the Federal Public Defender with copies** of all prior filings in this case by regenerating notices of electronic filing or through such other means as is expedient for the Clerk.

Dated: January 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[25] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).