**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCUS SHARIF MCNEAL,

Petitioner

v.

BRIAN E. WILLIAMS, et al.,

Respondents

Case No. 2:16-cv-01618-JAD-EJY

**Order Appointing Counsel
and Setting Deadlines**

Because the Federal Public Defender has entered an appearance on behalf of Petitioner Marcus Sharif McNeal (ECF No. 61), IT IS HEREBY ORDERED that:

1. The Federal Public Defender, through Kimberly Sandberg, Esq., is appointed as counsel for McNeal under 18 U.S.C. § 3006A(a)(2)(B). Ms. Sandberg will represent McNeal in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. McNeal will have until June 1, 2020, to file an amended petition or seek other appropriate relief. This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling. McNeal at all times remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.[1]

3. If McNeal files an amended petition, Respondents will have 60 days from the date of service to respond to it—including by motion to dismiss. McNeal will have 30 days from the date of service of an answer to file a reply. However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of pleadings.

---

[1] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. Any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2).[2] Basically, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

5. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

6. All state-court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.[3]

7. A paper copy of any exhibit over 50 pages must be delivered to the **Las Vegas**

---

[2] *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

[3] *See* LR IC 2-2(a)(3)(A).

**Clerk's Office** and addressed to the attention of "Staff Attorney."  Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document number, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies.[4]

Dated: March 2, 2020

_____  _____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See* LR IA 10-3(i); LR IC 2-2(g).