UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS SHARIF MCNEAL,<br><br>　　　　　　　　　　　Petitioner<br>v.<br>BRIAN E. WILLIAMS, et al.,<br><br>　　　　　　　　　　　Respondents | Case No. 2:16-cv-01618-JAD-EJY<br><br>**Order Denying Petitioner's Motions to Dismiss Counsel, to Refile Amended Petition, and to Strike Motion to Extend**<br><br>[ECF Nos. 85, 86, 89] |

　　　Petitioner Marcus Sharif McNeal brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 and moves to dismiss counsel, to refile his amended petition, and to strike motion to extend.[1]  Because I do not find any of these requests meritorious, I deny them.

**Discussion**

　　　On February 11, 2021, the respondents filed a motion to dismiss McNeal's fifth amended petition.[2]  On September 13, 2021, I granted in part and denied in part respondents' motion to dismiss finding Ground III unexhausted.[3]  McNeal had 30 days to either dismiss this unexhausted claim or seek other appropriate relief, such as a stay.[4]  McNeal has filed *pro se* motions seeking to dismiss appointed counsel and to refile an amended habeas petition.[5]  McNeal's counsel requested an extension of time to file his declaration until after a ruling on McNeal's motion to dismiss counsel, which I granted.[6]  McNeal now moves to strike the motion

---

[1] ECF Nos. 85, 86, 89.

[2] ECF No. 75.

[3] ECF No. 83.

[4] *Id.* at 10.

[5] ECF Nos. 85, 86.

[6] ECF Nos. 87, 88.

1

to extend time to file his declaration informing whether he voluntarily dismisses Ground III or to return to state court to exhaust the claim.[7]

McNeal requests dismissal of counsel because he "is tired of counsel belittling him on issues of importance to McNeal's case and McNeal is tired of arguing with counsel."[8] He further asserts that his motion is based on counsel's failure to file any of McNeal's exhausted grounds in his amended habeas petition.[9] McNeal has not presented an actual conflict of interest, an irreconcilable conflict, or any other basis for dismissing counsel. Counsel is not appointed to act as a mere scrivener to restate and reassert each and every allegation, claim and argument that a petitioner desires to pursue. Counsel instead is appointed to exercise her independent professional judgment as to which allegations, claims and arguments she believes collectively present the best chance of success.[10] As stated in previous orders, petitioner is not entitled to either appointed counsel of his choice or to an appointed counsel who fully agrees with him as to how to proceed. Therefore, McNeal's motion to dismiss counsel is denied.

McNeal further requests permission to refile an amended petition.[11] He did not attach an amended petition nor specify which amended petition he seeks to be refiled.[12] I deny McNeal's motion to refile his amended petition. Further, I deny McNeal's motion to strike the motion to extend time as moot. McNeal—<u>through his counsel</u>—has until February 14, 2022, to either voluntarily dismiss his unexhausted claim or move for a stay and abeyance.

---

[7] ECF Nos. 85, 86, 89.

[8] ECF No. 85 at 2.

[9] *Id.*

[10] *Cf. Jones v. Barnes*, 463 U.S. 745 (1983) (appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant).

[11] ECF No. 86.

[12] *Id.*

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner Marcus Sharif McNeal's Motion to Dismiss Counsel **[ECF No. 85] is DENIED**.

IT IS FURTHER ORDERED that Petitioner's Motion to Refile Amended Petition **[ECF No. 86] is DENIED.**

IT IS FURTHER ORDERED that Petitioner's Motion to Strike **[ECF No. 89] is DENIED**.

IT IS FURTHER ORDERED that Petitioner's Counsel has until February 14, 2022, to either: (1) inform this court in a sworn declaration that he wishes to dismiss only the unexhausted claim; or (2) file a motion for other appropriate relief, such as a motion for stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Dated January 14, 2022

_____
U.S. District Judge Jennifer A. Dorsey