# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Marcus Sharif McNeal,<br><br>　　Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>　　Respondents | Case No.: 2:16-cv-01618-JAD-EJY<br><br>**Order Denying Petitioner McNeal's Motion to Dismiss Counsel, Denying McNeal's Motion re False Claim, and Granting Counsel's Motion to Dismiss Ground Three**<br><br>[ECF Nos. 91, 94, 96] |

　　Petitioner Marcus Sharif McNeal moves to dismiss his counsel,[1] arguing that he should be permitted to represent himself because his attorney is not pursuing the claims he would like to allege. Separately, McNeal's counsel moves to dismiss Ground Three of the fifth amended petition for writ of habeas corpus without a declaration from McNeal because counsel has been unable to obtain an answer on how to proceed from McNeal.[2] Because I find that the interests of justice require that McNeal continue to have counsel, McNeal's requests to dismiss counsel are denied. And because Ground Three is unexhausted, I grant McNeal's counsel's motion to dismiss that claim.

## Background

　　When the respondents moved to dismiss McNeal's fifth amended petition, I granted that request in part and denied it in part, finding Ground Three unexhausted. I then gave McNeal 30 days to either dismiss the unexhausted claim or seek other appropriate relief, such as a stay.[3]

---

[1] ECF Nos. 91, 96.
[2] ECF No. 94.
[3] ECF Nos. 75, 83.

McNeal moved to dismiss counsel, and I denied that request because McNeal did not present an actual conflict of interest, an irreconcilable conflict, or any other basis for dismissing counsel.[4] McNeal renews that request and asks that he be allowed to represent himself because he believes that counsel has put off his case for no reason and has not alleged the claims he wishes to pursue.[5]

McNeal's counsel moves to dismiss Ground Three without a declaration from McNeal voluntarily dismissing the claim under Rule 2(c)(5) of the Rules Governing 2254 cases and *Ryan v. Gonzales,* wherein the United States Supreme Court held that district courts are not required to stay proceedings when federal habeas petitioners on death row are found incompetent, even though they have the right to federally funded counsel.[6] She asserts that, although McNeal has not been adjudicated incompetent, he is unable to assist counsel because he will not provide clear guidance on how to proceed on the options provided in my prior order and cannot effectively communicate with counsel. She asserts that McNeal cannot overcome the procedural bars to Ground Three in Nevada state courts.[7]

## Discussion

**I.      McNeal's request to dismiss counsel and represent himself is denied.**

McNeal has no Sixth Amendment right to represent himself in this case because the right to self representation does not apply to habeas proceedings.[8] As noted in my prior order, McNeal initiated this habeas proceeding in July 2016 and has filed three other federal habeas

---

[4] ECF Nos. 85, 90.

[5] ECF Nos. 91 at 2; 96 at 2.

[6] *Gonzalez*, 568 U.S. 57 (2013).

[7] ECF No. 94 at 1–3.

[8] *See Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000).

petitions in this district regarding the same conviction. McNeal filed two federal habeas petitions in 2019 that were dismissed as duplicative. The Ninth Circuit, however, found that the 2019 petitions should be treated as motions to amend the 2016 petition. In addition, the procedural history of McNeal's petitions in Nevada state and appellate courts is complex. Based on these circumstances, I found that McNeal's representation by counsel is in the interests of justice and, based on those complexities, I continue to find that sound case management and the efficient administration of justice favor McNeal's counsel's continued service rather than allowing McNeal to represent himself.[9] As the Supreme Court expressed in *Martinez v. Court of Appeal*, "[t]he requirement of representation of trained counsel implies no disrespect for the individual inasmuch as it tends to benefit the appellant as well as the court."[10]

      McNeal is reminded that counsel is not appointed to act as a mere scrivener to restate and reassert each and every allegation, claim, and argument that a petitioner desires to pursue. Counsel instead is appointed to exercise her independent professional judgment about which allegations, claims, and arguments she believes collectively present the best chance of success.[11] McNeal is cautioned that his refusal to cooperate with counsel will not be deemed a conflict of interest worthy of removing counsel. McNeal's request for a hearing to dismiss counsel is denied because he is not entitled to self representation, and he does not show that factual development by a hearing is warranted.[12] McNeal's motion to dismiss counsel and motion regarding counsel's alleged false claim of incompetence are denied. Because McNeal is

---

[9] ECF No. 60 at 3–4.

[10] *Martinez*, 528 U.S. at 163.

[11] *Cf. Jones v. Barnes*, 463 U.S. 745 (1983) (appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant).

[12] *See Martinez*, 528 U.S. at 152.

represented by counsel, this district's local rules prevent the court from entertaining *pro se* filings from McNeal personally. All filings in this case must be submitted through counsel. So it remains in McNeal's best interests to communicate with his counsel.

## II. Counsel's request to dismiss Ground Three is granted.

Counsel for McNeal moves to dismiss Ground Three without a declaration from McNeal voluntarily dismissing the claim. She asserts she is authorized to dismiss Ground Three under *Gonzalez*, in which the Supreme Court recognized that "given the backward-looking, record based nature of most federal habeas proceedings, counsel can generally provide effective representation to a habeas petitioner regardless of the petitioner's competence."[13] In *Gonzalez*, two capital federal habeas petitioners were deemed incompetent and their cases were stayed in the district court.[14] The Supreme Court, however, held that litigation should proceed even if a petitioner is found incompetent because a stay would permit petitioners to "'frustrate [the Antiterrorism and Effective Death Penalty Act's] goal of finality by dragging out indefinitely their federal habeas review.'"[15] Counsel argues that this case is analogous to *Gonzalez* because McNeal is unable to assist counsel and unable to communicate with counsel on how he wants to proceed, even though McNeal has not been deemed incompetent.

In addition, counsel asserts that she is authorized to dismiss Ground Three under Rule 2(c)(5) of the Rules Governing 2254 cases, which states that a habeas petition must be signed under penalty of perjury by the petitioner, or a person authorized to sign it for the petitioner, such as the petitioner's counsel. She argues that, if an attorney representing a habeas petitioner may

---

[13] *Gonzalez*, 568 U.S. at 68.

[14] *Id*. at 59.

[15] *Id*. (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)).

choose to not raise a claim in the first place, she can also choose to dismiss a claim under appropriate circumstances.[16] The respondents do not oppose counsel's request.[17]

      I grant counsel's request to dismiss Ground Three because she has established that there is no viable argument for Ground Three to overcome the state procedural bars were she to return to state court to exhaust the claim. Although McNeal does not appear to cooperate with counsel, there is no request by counsel to find McNeal incompetent; nor do I find McNeal incompetent. Because McNeal is not incompetent, I do not find *Gonzalez* directly applicable in this context. McNeal, however, has not shown how he would like to proceed as to unexhausted Ground Three other than his request for dismissal of counsel and references to claims he wanted to pursue that counsel did not include in the amended petition.[18] McNeal was cautioned that the entire petition would be dismissed under *Rose v. Lundy* unless he either dismisses his unexhausted claim or seeks other appropriate relief, such as a stay.[19]

      Under Rule 2(c)(5) of the Rules Governing 2254 cases, the person typically authorized to sign on behalf of the petitioner is the petitioner's attorney.[20] In light of Rule 2(c)(5) and McNeal's lack of response to the options regarding his unexhausted claim provided in my previous order, I grant counsel's request to dismiss Ground Three and set a briefing schedule for the merits of McNeal's remaining claims.

---

[16] ECF No. 94 at 3–5.

[17] ECF No. 95.

[18] *See* ECF No. 96 at 4.

[19] ECF No. 83 at 11.

[20] *See* Advisory Committee Notes to Rule 2 of the Rules Governing 2254 Cases.

## Conclusion

**IT IS THEREFORE ORDERED** that:

1. Petitioner Marcus Sharif McNeal's **Motion to Dismiss Counsel (ECF No. 91) and Motion re False Claim (ECF No. 96) are DENIED.**

2. McNeal's Counsel's **Motion to Allow Counsel to Dismiss Ground Three (ECF No. 94) is GRANTED. Ground Three** of McNeal's fifth amended petition for writ of habeas corpus **is DISMISSED WITHOUT PREJUDICE** as unexhausted.

3. The respondents must file an answer addressing the remaining claims of the fifth amended petition for writ of habeas corpus by October 5, 2022.

4. McNeal will have 60 days from the date of service of the answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
August 5, 2022